

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### LOUISVILLE DIVISION

| | |
|---|---|
| ERA FRANCHISE SYSTEMS, INC., <br> One Campus Drive <br> Parsippany, New Jersey 07054 <br><br> Plaintiff, <br><br> v. <br><br> SIMPSON AND JOHNSON <br> MANAGEMENT COMPANY, INC. <br> d.b.a. ERA TRI-COUNTY REALTORS <br> c/o Registered Agent Douglas Johnson <br> 211 South First Street <br> LaGrange, Kentucky 40031 <br><br> and <br><br> DOUGLAS W. JOHNSON <br> 4202 Grand Court <br> Crestwood, Kentucky 40014 <br><br> and <br><br> PAMELA JOHNSON <br> 4202 Grand Court <br> Crestwood, Kentucky 40014 <br><br> Defendants. | CASE NO: 3:05 CV 758-H <br><br> JUDGE: Heyburn <br><br><br><br><br><br><br><br> **VERIFIED COMPLAINT FOR** <br> **MONETARY DAMAGES AND** <br> **INJUNCTIVE RELIEF** |

Plaintiff ERA Franchise Systems, Inc. ("ERA") hereby states for its Verified Complaint for Monetary Damages and Injunctive Relief against Defendants Simpson and Johnson Management Company, Inc. d.b.a. ERA Tri-County Realtors ("Tri-County"), Douglas W.

CLE - 910227.3

Johnson ("Mr. Johnson") and Pamela Johnson ("Ms. Johnson," and collectively with Mr. Johnson, the "Johnsons") as follows:

## I. PARTIES AND JURISDICTION

1. Plaintiff ERA Franchise Systems, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at One Campus Drive, Parsippany, New Jersey, 07054.

2. Defendant Tri-County is, upon information and belief, a Kentucky corporation with its principal place of business at 211 South First Street, LaGrange, Kentucky.

3. Defendant Douglas W. Johnson is, upon information and belief, a citizen of the state of Kentucky and a principal shareholder in Tri-County, whose address is 4202 Grand Court, Crestwood, Kentucky.

4. Defendant Pamela Johnson is, upon information and belief, a citizen of the state of Kentucky and a principal shareholder in Tri-County, whose address is 4202 Grand Court, Crestwood, Kentucky.

5. The amount in controversy in this matter, exclusive of interest and costs, exceeds the sum of $75,000.

6. Certain of the claims asserted in this action arise under the Lanham Act, 15 U.S.C. § 1051, *et seq.* which is an act of Congress relating to trademarks.

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338, 15 U.S.C. § 1121 and, with respect to certain claims, 28 U.S.C. § 1367.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 as this is the judicial district in which each of the Defendants reside.

## II. ALLEGATIONS COMMON TO ALL CLAIMS

9. As set forth more fully below, this is an action for monetary damages and injunctive relief arising out of an ERA Franchise Systems, Inc. Membership Agreement (defined below) which ERA entered into with Tri-County, and which expired by its own terms on February 29, 2004. Notwithstanding the expiration of the ERA Membership Agreement, Tri-County continues to operate the office as though it is a legitimate ERA franchise, in violation of the Lanham Act. In addition, Tri-County owes ERA: (i) in excess of $23,044.71 for unpaid accounts and closed transactions due with respect to the period of time during which Tri-County lawfully operated as an ERA franchisee; (ii) damages for trademark infringement, (iii) interest and (iv) attorneys' fees incurred by ERA in this action.

### A. The ERA® Marks

10. ERA is one of the largest real estate brokerage franchise systems in the United States, and is widely known as a provider of real estate brokerage services.

11. ERA trademarks, service marks and logos ("ERA Marks") are on the principal register of the United States Patent and Trademark Office. ERA has the exclusive right to use and to license the ERA Marks and derivations thereof, as well as the distinctive ERA System, which provides real estate brokerage services to the public under the ERA name.

12. ERA and its predecessors have continuously used each of the ERA Marks since the date of their registration and those registrations are in full force and effect, unrevoked, uncancelled, and incontestable pursuant to 15 U.S.C. § 1065.

13. ERA has given notice to the public of the registration of its trademarks and service marks as provided in 15 U.S.C. § 1111.

14. ERA uses or has used the ERA Marks as abbreviations of its brand name.

CLE - 910227.33

3

15. Through its franchise system, ERA markets, promotes, and provides services to its real estate brokerage franchisees throughout the United States. In order to identify the origin of their real estate brokerage services, ERA allows its franchisees to utilize the ERA Marks.

16. ERA has invested substantial effort over a long period of time, including the expenditure of millions of dollars, to develop goodwill in its trade names and trademarks to cause consumers throughout the United States to recognize the ERA Marks as distinctly designating ERA real estate brokerage services as originating with ERA.

17. The value of the goodwill developed in the ERA Marks does not admit of precise monetary calculation, but because ERA is one of the largest real estate brokerage franchise systems in the United States and is widely known as a provider of real estate brokerage services, the value of ERA's goodwill exceeds hundreds of millions of dollars.

18. The ERA Marks are among the most famous trademarks in the United States.

**B.   The Membership Agreement Between ERA and Tri-County**

19. On or about March 1, 1999, ERA entered into a Membership Agreement with Tri-County (the "Membership Agreement") for the operation of an ERA real estate brokerage office located at 211 South First Street, LaGrange, Kentucky, Site No. 03612-02 (the "Approved Location"). A copy of the Membership Agreement is attached hereto as Exhibit A.

20. Pursuant to paragraph 17(A)(1) of the Membership Agreement, Tri-County was obligated to operate an ERA real estate brokerage office until February 29, 2004, during which time Tri-County was permitted to use the ERA Marks in association with the operation of its ERA real estate brokerage business as part of ERA®'s franchise system, provided the Membership Agreement was fully and timely performed by Tri-County.

21. Pursuant to paragraph 6 of the Membership Agreement, Tri-County was required to pay franchise royalty fees ("Royalty Fees") in an amount based on Tri-County's gross revenues, as defined by the term of the Membership Agreement, and which were subject to monthly minimum amounts.

22. Pursuant to paragraph 7 of the Membership Agreement, Tri-County agreed to pay, in addition to all other fees, monthly contributions to the National Marketing Fund in an amount based on Tri-County's annual gross revenues ("NMF Contributions"), and which were subject to monthly minimum amounts.

23. Pursuant to paragraph 8 of the Membership Agreement, Tri-County was required to pay access fees ("Access Fees") for use of the ERA Electronic Integrated System, an electronic integrated system consisting of proprietary and licensed systems for information storage and retrieval and non-proprietary programs necessary to run the ERA Electronic Integrated System.

24. Pursuant to paragraph 9 of the Membership Agreement, Tri-County was required to pay other costs if it chose to participate in other ERA plans and networks including, but not limited to, a Sellers Security Plan, the ERA Commercial/Industrial Broker Network, and promotional and marketing materials ("Other Costs").

25. Pursuant to paragraph 11 of the Membership Agreement, Tri-County agreed to allow ERA to audit Tri-County's operations, including its financial record retention systems, to verify Royalty Fees, NMF Contributions, Access Fees, and Other Fees due under the Membership Agreement.

26. Pursuant to paragraph 17(I) of the Membership Agreement, Tri-County agreed to cooperate with, allow and permit ERA to conduct a post-termination audit of Tri-County's records after expiration or termination of the Membership Agreement.

27. Paragraph 17(D) of the Membership Agreement specified Tri-County's obligations in the event of the expiration and nonrenewal of the Membership Agreement, including its obligation to immediately cease using all of the ERA Marks and to refrain from doing anything which would indicate that Tri-County is a ERA franchisee.

28. Pursuant to paragraph 17(E) of the Membership Agreement, in the event of the expiration and nonrenewal of the Membership Agreement, any continued use of the ERA Marks by Tri-County constitutes willful and knowing mark infringement, dilution of ERA's trademark rights and unfair competition, and may constitute trafficking in a counterfeit mark for which both civil remedies and criminal penalties may be imposed.

29. Pursuant to paragraph 17(F) of the Membership Agreement, the parties agreed that, in the event a legal action was instituted by ERA, after expiration and nonrenewal of the Membership Agreement, seeking to halt infringement of ERA Marks, any court having jurisdiction of the matter "may enter temporary restraining orders, preliminary and permanent injunctions without posting a bond or other security; and may order the immediate seizure and destruction of any infringing materials" and, in the event a court rules that a bond is required and cannot be waived, a $1,000 bond is sufficient.

30. Pursuant to paragraph 17(F) of the Membership Agreement, the parties agreed that Tri-County would pay Royalty Fees and NMF Contributions during the period of any infringement, attorneys' fees incurred by ERA in the enforcement of its rights in the ERA Marks, and the cost and disbursements of bringing the enforcement action.

31.     Pursuant to paragraph 24(L) of the Membership Agreement, the parties agreed that, in the event a legal action was instituted in connection with the Membership Agreement, the unsuccessful party would pay "the prevailing party's reasonable attorneys' fees and costs."

C.     **The Guaranty**

32.     Effective as of the date of the Membership Agreement, each of the Johnsons, jointly and severally, provided ERA with a Guaranty of Tri-County's obligations under the Membership Agreement (the "Guaranty"). A copy of the Guaranty is attached hereto as <u>Exhibit B</u>.

33.     Pursuant to the terms of the Guaranty, each of the Johnsons unconditionally guaranteed payment of all sums and performance of all obligations under the Membership Agreement.

D.     **The Defendants' Defaults and Membership Agreement Expiration**

34.     By its own terms, the Membership Agreement expired on February 29, 2004.

35.     Thereafter, pursuant to Paragraph 17(A)(2)(e), Tri-County operated on a month-to-month basis under the terms and conditions of the Membership Agreement while the parties negotiated a potential renewal.

36.     By letter dated May 2, 2005, after approximately fourteen (14) months of unsuccessful efforts to renew the Membership Agreement, ERA forwarded to Tri-County a Mutual Termination and Release Agreement for execution and return. True and accurate copies of the May 2, 2005 correspondence and Mutual Termination and Release Agreement are attached hereto as <u>Exhibit C</u>.

37.     Tri-County Failed to execute and return the Mutual Termination and Release Agreement to ERA.

CLE - 910227.33

7

38. By letter dated September 14, 2005, a copy of which is attached hereto as <u>Exhibit D</u>, ERA advised Tri-County that it was to adhere to its post-termination obligations as specified in paragraphs 17(D) and 17(G) of the Membership Agreement, including, among other things, the removal or deletion of any reference to ERA from all signs, apparels and advertisements and use of the ERA® trade names and trademarks in connection with any aspect of Tri-County's real estate brokerage business; demanded Tri-County and the Johnsons immediately cease and desist from their continued infringement on the ERA Marks; and advised Tri-County that, as of September 14, 2005, it owed ERA $23,044.71 for past due Royalty Fees and NMF Contributions.

39. The expiration and nonrenewal of the Membership Agreement precludes Tri-County and the Johnsons from any further use of the ERA Marks.

40. The expiration and nonrenewal of the Membership Agreement precludes Tri-County and the Johnsons from any further use of the ERA® trade name and trade marks in connection with its real estate brokerage businesses in any way.

41. Since the expiration and nonrenewal of the Membership Agreement, Tri-County and the Johnsons have continued to use the ERA Marks in connection with Tri-County's real estate brokerage services and other real estate-related services at the Approved Location.

42. Tri-County and the Johnsons have continued to misuse the ERA Marks despite receiving notification from ERA to cease and desist from the misuse of the ERA Marks.

### III. <u>CLAIMS FOR RELIEF</u>

#### <u>FIRST CLAIM FOR RELIEF</u>
**(Violation of the Lanham Act)**

43. ERA repeats and makes a part hereof each and every allegation set forth in paragraphs 1 through 42 of the Verified Complaint.

44. Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a), provides in pertinent part that "[a]ny person who shall, without the consent of the registrant — use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . . shall be liable in a civil action by the registrant . . . ."

45. Tri-County has marketed and promoted and continues to market and promote its real estate brokerage services and other real-estate related businesses through the unauthorized use of the ERA® Marks, and such use has caused and is likely to continue to cause confusion or mistake among prospective or actual customers, in violation of Section 32 of the Lanham Act.

46. Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), provides in pertinent part that "[a]ny person who, on or in connection with any goods or services . . . uses in commerce any word, term, name, symbol . . . or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation . . . or as to the origin, sponsorship, or approval of . . . goods [or] services . . . shall be liable in a civil action . . . ."

47. The acts of Tri-County in marketing and promoting its real estate brokerage services at the Approved Location, through and with the ERA Marks, constitutes:

    (a) a false designation of origin;

    (b) a false and misleading description of fact; and

    (c) a false and misleading representation of fact;

that has caused and are likely to continue to cause confusion, or to cause mistake, or deception, as to the affiliation of Tri-County's real estate brokerage office with ERA, and to cause

confusion, or to cause mistake, or deception, to the effect that ERA sponsors or approves of the real estate brokerage services that Tri-County provides at the Approved Location, all in violation of Section 43(a) of the Lanham Act.

48. Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), provides in pertinent part "[t]he owner of a famous mark shall be entitled, subject to the principles of equity and upon such terms as the court deems reasonable, to an injunction against another person's commercial use in commerce of a mark or trade name, if such use begins after the mark has become famous and causes dilution of the distinctive quality of the mark, and to obtain such other relief as is provided in this subsection."

49. Tri-County's use of the ERA Marks in connection with goods and services at the Approved Location, after the ERA Marks became famous, has caused and will continue to cause dilution and disparagement of the distinctive quality of the ERA Marks, and has lessened and will continue to lessen the capacity of the ERA Marks to identify and distinguish the goods and services of ERA, all in violation of Section 43(c) of the Lanham Act.

50. Tri-County's on-going acts of infringement in violation of Sections 32, 43(a), and 43(c) of the Lanham Act are malicious, fraudulent, willful, and deliberate.

51. Tri-County's on-going acts of infringement in violation of Sections 32, 43(a), and 43(c) of the Lanham Act have inflicted and continue to inflict irreparable harm on ERA.

52. ERA has no adequate remedy at law.

53. No previous injunctive relief has been awarded with respect to this matter in this case or any other case.

54. These ongoing acts of infringement have caused and will continue to cause damage to ERA entitling it to compensatory damages, treble damages, and interest.

## SECOND CLAIM FOR RELIEF
### (Breach of Contract)

55.     ERA repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 54 of the Verified Complaint.

56.     Pursuant to the Membership Agreement, Tri-County was obligated to pay certain Royalty Fees, NMF Contributions, Access Fees, and Other Fees.

57.     Despite its obligation to do so, Tri-County has failed to pay its Royalty Fees, NMF Contributions, Access Fees, and Other Fees under the Membership Agreement.

58.     As of the filing of this Complaint, the amount of Royalty Fees, NMF Contributions, Access Fees, and Other Fees due from Tri-County to ERA pursuant to the Membership Agreement was $23,044.71, plus interest.

59.     Tri-County's failure to make the agreed payments of Royalty Fees, NMF Contributions, Access Fees, and Other Fees constitutes a breach of the Membership Agreement and has damaged ERA.

## THIRD CLAIM FOR RELIEF
### (Unjust Enrichment)

60.     ERA repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 59 of the Verified Complaint.

61.     At the time of the termination of the Membership Agreement, Tri-County was obligated to pay certain monthly fees and contribute to the NMF.

62.     Despite its obligation to do so, Tri-County has failed to pay certain monthly fees and make certain NMF contributions due and owing under the Membership Agreement.

63. In addition, Tri-County and the Johnsons have benefited from their wrongful use of the ERA Marks after expiration and nonrenewal of the Membership Agreement and have paid no monthly fees or other fees to ERA in return for this benefit.

64. Tri-County and the Johnsons' failure to compensate ERA constitutes unjust enrichment and has proximately caused damage to ERA.

## FOURTH CLAIM FOR RELIEF
### (Breach of Contract: Personal Guaranty)

65. ERA repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 64 of the Verified Complaint.

66. Pursuant to the terms of the Guaranty, each of the Johnsons agreed, among other things, that upon a default under the Membership Agreement, they would personally guarantee the full performance and observance of all of the covenants, conditions and agreements under the Membership Agreement.

67. Despite their obligation to do so, each of the Johnsons has failed to make any payments or perform or cause Tri-County to perform any of the obligations required under the Membership Agreement.

68. Pursuant to the Guaranty, each of the Johnsons are liable, jointly and severally, to ERA for all amounts due under the Membership Agreement.

69. The Johnsons' failure to pay the fees due under the Membership Agreement has proximately caused damage to ERA.

## FIFTH CLAIM FOR RELIEF
### (Request for Audit/Accounting)

70. ERA repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 69 of the Verified Complaint.

71. Pursuant to the Membership Agreement, ERA is entitled to audit Tri-County's operations, including its financial record retention systems, to verify monthly membership fees, transaction fees, NAF contributions and any other fees due under the Membership Agreement.

72. The calculation of monetary damages sought by ERA in this action is based on information supplied to ERA by Tri-County.

73. The accuracy of this information cannot be confirmed without an accounting of any and all profits derived as a result of marketing and promoting real estate brokerage services and other related real estate business at the Approved Location through and with the ERA Marks.

## DEMAND FOR JUDGMENT

**WHEREFORE**, Plaintiff ERA Franchise Systems, Inc. respectfully requests that this Court enter judgment as follows:

1. That pursuant to 15 U.S.C. §§ 1114, and 1125(a) and (c), this Court grant ERA preliminary and permanent injunctive relief restraining and enjoining Tri-County, its agents, subsidiaries, officers, servants, employees, and attorneys, and all those who act in concert or participation with them, from marketing or promoting its real estate brokerage services and other related real estate services, at the Approved Location or elsewhere, through and with the ERA Marks; and

2. That this Court enter judgment in favor of ERA and against Tri-County on its claim of trademark infringement and award compensatory damages, treble damages, and interest; and

3. That this Court enter judgment in favor of ERA and against Tri-County for Royalty Fees, NMF Contributions, Access Fees, and Other Fees due and owing under the

Membership Agreement in the estimated amount of $23,044.71, plus interest and attorneys' fees; and

4. That this Court enter judgment in favor of ERA and against Tri-County for all amounts that should be paid to compensate ERA for the period during which Tri-County misused the ERA Marks and was thereby unjustly enriched, plus interest and attorneys' fees; and

7. That this Court enter judgment in favor of ERA and against each of the Johnsons, jointly and severally, for all amounts due under the Membership Agreement; and

8. That this Court enter judgment in favor of ERA and against Tri-County compelling Tri-County to account to ERA for any and all profits derived as a result of marketing and promoting real estate brokerage services and other related real estate services at the Approved Location through and with the ERA Marks; and

9. That this Court award ERA the costs and expenses incurred by ERA, including all reasonable attorneys' fees, in connection with enforcing ERA's rights and remedies under the terms of the Membership Agreement; and

10. That this Court grant ERA such other and further relief as this Court deems just and proper.

Date: November __10__, 2005          By: _/s/ Lindsey W. Ingram III_
                                         Lindsey W. Ingram, III
                                         Stoll, Keenon & Park, LLP
                                         300 W. Vine Street
                                         Suite 2100
                                         Lexington, Kentucky 40507
                                         L.ingram@skp.com
                                         Phone: (859) 231-3982
                                         Telefax: (859) 246-3672

                                    Steven A. Goldfarb (0030186)
                                    sagoldfarb@hahnlaw.com
                                    Rose Marie Fiore (0065243)
                                    rmfiore@hahnlaw.com
                                    Joni Todd (0078768)
                                    jtodd@hahnlaw.com
                                    HAHN LOESER & PARKS LLP
                                    3300 BP Tower
                                    200 Public Square
                                    Cleveland, OH 44114-2301
                                    Phone: (216) 621-0150
                                    Telefax: (216) 241-2824

                                    *Attorneys for Plaintiff ERA Franchise Systems, Inc.*

CLE - 910227.33

## VERIFICATION

STATE OF NEW JERSEY    )
                       ) ss:
COUNTY OF MORRIS       )

Brenda Casserly, of full age, being duly sworn according to law, upon his oath, deposes and says:

1. I am President and Chief Operating Officer of ERA Franchise Systems, Inc., which is the plaintiff in this action.

2. I have read the foregoing Verified Complaint and all the allegations contained therein. All such allegations are true based on my personal knowledge, except as to those matters herein alleged upon information and belief, in which case, I believe them to be true.

_____
Brenda Casserly

Sworn and subscribed to before
me this 3rd day of November, 2005

_____
NOTARY PUBLIC

Ann Tomney
NOTARY PUBLIC-STATE OF NEW JERSEY
No. 2220593
Commission Expires Dec. 17, 2008

CLE - 910227.2